UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joseph Gregory Perez,<br><br>                              Plaintiff,<br><br>         -v-<br><br>Premier InfoSource, Inc.,<br><br>                              Defendant. | 2:23-cv-7366<br>(NJC) (ARL) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On March 26, 2024, Plaintiff Joseph Gregory Perez ("Plaintiff") filed a Motion for Default Judgment against Defendant Premier InfoSource, Inc. ("Defendant"). (ECF No. 10.) On November 18, 2024, Magistrate Judge Arlene R. Lindsay issued a Report and Recommendation (the "R&R") recommending that Plaintiff's Motion for Default Judgment be granted. (R&R, ECF No. 11.) A copy of the R&R was filed electronically on November 18, 2024, (*see id*. at 9), and Plaintiff served Defendant with a copy of the R&R on November 18, 2024. (ECF No. 13.) The R&R instructed that any objections to the R&R must be submitted in writing to the Clerk of Court within fourteen (14) days of service, *i.e.*, by December 2, 2024. (R&R at 9.)

The date for filing any objections has thus expired, and no party has filed an objection to the R&R. In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no objections are filed, a district court reviews a report and recommendation for clear error. *King v. Paradise Auto Sales I, Inc.*, No. 15-cv-1188, 2016 WL 4595991, at *1 (E.D.N.Y. Sept. 2, 2016) (citation omitted); *Covey v. Simonton,* 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

Because a motion for default judgment is dispositive, and because no party has filed timely objections to the R&R, I review the R&R for clear error. Having conducted a review of the motion papers and the applicable law and having reviewed the R&R *de novo* out of an abundance of caution, I adopt the thorough and well-reasoned R&R (ECF No. 11) in its entirety except that I reserve the award of attorneys' fees pending further documentation from Plaintiff as described below.

I adopt the conclusion of the R&R that the rate of $450 per hour for legal services rendered by Yitzchak Zelman, Esq. ("Zelman") is reasonable. (*See* R&R at 8–9.) The record does not establish, however, that Mr. Zelman himself performed all 17.7 hours of legal work recorded in Plaintiff's counsel's billing records, but merely that Mr. Zelman's office spent 17.7 hours working on this matter. (*See* Zelman Aff. ¶ 25, ECF No. 10-2; Billing Records, ECF No. 10-7.) Specifically, Mr. Zelman attests that "his office" performed the work identified in the billing records but does not attest that he actually performed those tasks, and the records themselves do not identify who in Mr. Zelman's office completed each task. (Zelman Aff. ¶ 25; *see also* Billing Records.)

Plaintiff's counsel shall submit an affidavit by January 13, 2025, identifying which of the tasks listed in the billing records were performed by Mr. Zelman himself and whether any other attorney or staff member from Mr. Zelman's office performed any of the work listed. The affidavit should include the hourly rate for any other attorney or staff member as well as other pertinent information about that individual's experience and skill.

Accordingly, I grant Plaintiff's Motion for Default Judgment (ECF No. 10) in part. I award Plaintiff the $13,458 in damages and $5,000 in emotional damages. I further award Plaintiff's counsel $517 in costs. I reserve any award of attorneys' fees pending further

documentation from Plaintiff regarding which attorney or other staff member performed the work listed in Plaintiff's billing records.

Dated: Central Islip, New York
January 6, 2024

                                                                       */s Nusrat J. Choudhury*
                                                                       NUSRAT J. CHOUDHURY
                                                                       United States District Judge